UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE ROMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.; and DOES 1 to 50, inclusive,<br><br>Defendant. | Case No.: 25cv1955-GPC(DEB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Dkt. No. 8.] |

Before the Court is Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 8.) Plaintiff filed an opposition and Defendant replied. (Dkt. Nos. 10, 11.) Based on the reasoning below, the Court GRANTS Defendant's motion to dismiss with leave to amend.

## Background

On July 31, 2025, Plaintiff Andre Roman, ("Plaintiff") filed a complaint against Defendant First Advantage Background Services Corp. ("FABSC") d/b/a Sterling Check ("Sterling") for violations of the Investigative Consumer Reporting Agencies Act ("ICRAA"), the Fair Credit Reporting Act ("FCRA") and California Business & Professions Code section 17200 *et seq.* (Dkt. No. 1, Compl.)

1

Around May 2025, Plaintiff applied for a contract position as a Talent Acquisition Specialist with General Atomics ("GA") through its staffing vendor, AllSTEM. (*Id.* ¶ 16.) Plaintiff was offered employment with compensation of $55 per hour, equivalent to about $110,000 annually, along with an expectation of conversion to a full-time permanent position. (*Id.*) Plaintiff accepted the offer, contingent upon successful completion of a background screening and pre-employment drug test. (*Id.* ¶ 17.) Around May 27, 2025, Plaintiff went to LabCorp in Chula Vista and provided a saliva (oral) sample but did not submit a urine specimen. (*Id.* ¶ 18.) Defendant Sterling, acting as the investigative consumer reporting agency for GA and/or AllSTEM, prepared a background screening report ("Report") dated May 20, 2025, and updated thereafter as information was obtained, which included the oral test result but also a purported urine drug screen and both reported "positive" for MDMA (Ecstasy) and amphetamines. (*Id.* ¶ 19.) The Report listed both oral and urine results under the same specimen collection date despite Plaintiff submitting only one sample. (*Id.* ¶ 20.) Around June 3, 2025, Plaintiff was issued a pre-adverse action notice based on the positive drug test findings. (*Id.* ¶ 21.) Around June 19, 2025, Sterling issued a final adverse action notice stating that Plaintiff's job offer had been rescinded based, in whole or in part, on the Report's drug screening component. (*Id.* ¶ 22.) He immediately disputed the accuracy of the Report with Sterling and filed a formal complaint with the Consumer Financial Protection Bureau ("CFBP") on June 19, 2025. (*Id.* ¶ 23.) He submitted documentation, including a sworn declaration with LabCorp and EScreen, asserting he did not provide a urine sample and the test result attributed to him was false. (*Id.* ¶ 24.)

On June 5, 2025, Plaintiff made a written request along with payment for a split-sample retest of the original oral swab. (*Id.* ¶ 25.) Around June 24, 2025, Sterling issued a revised Report which altered the test method label from "urine" to "oral" but otherwise left the test results unchanged. (*Id.* ¶ 26.) Sterling offered no explanation for the correction of the initial urine classification and did not provide documentation confirming that appropriate procedures were followed during the sample collection or transfer. (*Id.* ¶

27.) According to Plaintiff, Sterling failed to maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reported concerning Plaintiff in violation of 15 U.S.C. § 1681e(b), Cal. Civ. Code §§ 1785.14(b), 1786.20(b). (*Id.* ¶ 28.) Sterling's reinvestigation failed to resolve or meaningfully examine Plaintiff's dispute and the agency failed to delete or correct the inaccurate, unverifiable and misattributed test data in violation of 15 U.S.C. § 1681i and Cal. Civ. Code § 1785.25(f). (*Id.* ¶ 29.) As a result of the inaccurate Report, and Defendants' failure to comply with their statutory duty, Plaintiff's employment offer was rescinded and has remained unemployed since then. (*Id.* ¶ 30.) GA's Talent Acquisition Manager confirmed in writing to Plaintiff that the job offer would remain viable if the background report were corrected and that similar issues have arisen in the past involving inaccurate reports from Sterling. (*Id.* ¶ 31.)

## Discussion

### A    Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1081 (9th Cir. 2024) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). To survive a motion to dismiss, the complaint must contain a "short and plain statement showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), backed by sufficient facts that make the claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Rather, it requires enough factual content for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In reviewing the plausibility of a complaint, courts must "accept factual allegations in the complaint as true and construe

them in the light most favorable to the non-moving party." *Dent v. Nat'l Football League,* 968 F.3d 1126, 1130 (9th Cir. 2020). But courts do not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 954 (9th Cir. 2023). Ultimately, the court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

**B.     Naming the Wrong Defendant**

Defendant FABSC argues that Plaintiff's claims must be dismissed against it because it did not prepare the report at issue and Plaintiff's allegation, FABSC d/b/a Sterling, is incorrect. (Dkt. No. 8-1 at 4-5.[1]) FABSC includes a request for judicial notice of its 2024 Form 10-K filing showing that FABSC and Sterling were separate subsidiaries of First Advantage Corporation.[2] (Dkt. No. 8-2.) Plaintiff maintains that Defendant's reliance on documents outside the complaint to show the corporate relationship between FABSC and Sterling is not proper on a motion to dismiss. (Dkt. No. 10 at 4.) Nonetheless, Plaintiff argues that even if he named the wrong entity, leave to amend should be granted rather than dismissal. (*Id.* at 5.) In reply, Defendant does not oppose Plaintiff's request to file an amended complaint naming Sterling as the defendant and dismissing FABSC. (Dkt. No. 11 at 5.)

The complaint specifically alleges that Sterling issued the Report. (Dkt. No. 1. Compl. ¶¶ 19-29.) The Form 10-K filing shows that FABSC and Sterling are separate corporate entities. (Dkt. No. 8-2.) The parties do not disagree that Sterling should be the

---

[1] Page numbers are based on the CM/ECF pagination.
[2] The Court grants Defendant's request for judicial notice of Defendant's 2024 Form 10-K filing with the SEC. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc*., 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (request for judicial notice of publicly available financial documents proper) (citing *Dreiling v. Am. Exp. Co*., 458 F.3d 942, 946 n. 2 (9th Cir.2006) (SEC filings subject to judicial notice)). However, the Court declines to consider the declaration of Adam Nager, Compliance Director at Sterling, (Dkt. No. 8-4), as it is document outside the complaint that the Court may not consider.

named Defendant rather than FABSC. Accordingly, the Court GRANTS Defendant's motion to dismiss FABSC as a defendant and GRANTS Plaintiff's request for leave to file an amended complaint to add Sterling as a Defendant.[3]

**C.  UCL Claim**

Defendant argues that Plaintiff fails to state a UCL claim seeking restitution and injunctive relief for three reasons.

First, Defendant claims that injunctive relief is preempted by the FCRA. (Dkt. No. 8-1 at 6-7.) Plaintiff does not oppose Defendant's argument that injunctive relief is preempted by the FCRA, and will withdraw the request for injunctive relief and tailor the UCL claim to restitution only. (Dkt. No. 10 at 7.)

The UCL makes actionable any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir.2009). With respect to the unlawful prong, "[t]he UCL borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (internal quotations and citation omitted). "While the scope of conduct covered by the UCL is broad, its remedies are limited." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003). "Prevailing plaintiffs are generally limited to injunctive relief and restitution," and "may not receive damages . . . or attorney fees." *Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 179 (1999).

Plaintiff alleges an unlawful and unfair practices claims under the UCL but does not specifically allege what law serves as a predicate for the "unlawful" prong. To the extent it is based on the FCRA, injunctive relief is not available. *See Howard v. Blue*

---

[3] Defendant also argues that Plaintiff's pleading lumps "Defendants" together without identifying which defendant was engaged in which conduct and requires dismissal. (Dkt. No. 8-1 at 6.) Plaintiff opposes. (Dkt. No. 10 at 5-6.) Because Plaintiff will be filing an amended complaint naming Sterling as a sole defendant, Defendant's argument is moot.

*Ridge Bank,* 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005) ("Because the Court finds that plaintiff's § 17200 claim is preempted by the FCRA, he cannot obtain an injunction for this claim.") (citing *Washington v. CSC Credit Services, Inc*., 199 F.3d 263, 268 (5th Cir.2000) (holding the only the Federal Trade Commission has the power to pursue injunctive relief)); *White v. Navy Federal Credit Union*, Case No.: 18cv00402-WQH-BGS, 2018 WL 3729510, at *7 (S.D. Cal. Aug. 3, 2018) (injunctive relief not available to a private plaintiff under the FCRA); *Gauci v. Citi Mortg*., No. CV 11–01387 ODW (JEMx), 2011 WL 3652589, at *3 (C.D. Cal. Aug. 19, 2011) ("District courts in the Ninth Circuit agree that a private party may not obtain injunctive relief under the FCRA."). Accordingly, the Court GRANTS Defendant's motion to dismiss the injunctive relief under the UCL as unopposed.

On the second argument, Defendant contends that Plaintiff failed to allege he gave Defendant any money or property or seeks a return of funds to which he has an ownership interest. (Dkt. No. 8-1 at 7.) Plaintiff argues that he can amend the complaint to allege facts showing that "money or property" was taken from him because the complaint already alleges that he paid for a split-fee sample retest of the original oral swab and submitted the necessary cashier's check on June 5, 2025. (Dkt. No. 10 at 7.) In reply, Defendant doesn't contest Plaintiff's suggestion that he can amend his complaint to make a proper restitution claim. (Dkt. No. 11 at 6.)

The purpose of restitution is to "restore the status quo by returning to the plaintiff funds in which he or she has an ownership or vested interest." *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal. 4th 1134, 1149 (2003). This usually means that the plaintiff is seeking the return of money or property that was once in his or her possession. *Id*. Here, the complaint alleges that Defendant obtained a "competitive advantage" through the unfair business practice of producing inaccurate and incomplete consumer background report. (Dkt. No. 1, Compl. ¶ 51.) Plaintiff has not alleged he has an ownership right in any money or property provided to Defendant. Because Plaintiff concedes he has not alleged that "money or property" was taken from him to support a

claim for restitution, the Court GRANTS Defendant's motion to dismiss the restitution claim under the UCL.

On the last argument, Defendant moves to dismiss the UCL claim because Plaintiff has not alleged an inadequate remedy at law relying on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). (Dkt. No. 8-1 at 8.) Again, Plaintiff, in essence, concedes that he has not alleged that legal remedies are inadequate and seeks leave to amend the complaint. (Dkt. No. 10 at 7 ("if the Court concludes that an express allegation that legal remedies are inadequate is required, Plaintiff can –by straightforward amendment – plead facts establishing inadequacy.").[4]

Here, the complaint presents no allegations that the legal remedies are inadequate on the UCL claim seeking restitution as required by *Sonner* where the Ninth Circuit held that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Sonner,* 971 F.3d at 844. Therefore, the Court GRANTS Defendant's motion to dismiss the UCL claim as unopposed. *See Sonner*, 971 F.3d at 844 (noting that the plaintiff failed to establish that she lacked an adequate remedy at law because "the operative complaint does not allege that [the plaintiff] lacks an adequate legal remedy"); *Stafford v. Rite Aid Corp.*, Lead Case No.: 17-CV-1340 TWR (JLB), 2023 WL 2876108, at *4 (S.D. Cal. Apr. 10, 2023)

---

[4] The Court notes that it is Plaintiff's duty to set forth arguments opposing the defendant's argument, rather than leaving the analysis for the court to conduct for him. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation[]" and "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). By failing to oppose, Plaintiff has conceded the issue. *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 n.7 (N.D. Cal. 2013) (finding that the plaintiff effectively conceded issues that he neglected to respond to in his opposition brief); *Shorter v. Los Angeles Unified Sch. Dist.,* No. CV 13-3198 ABC AJW, 2013 WL 6331204, at *5 (C.D. Cal. Dec. 4, 2013) (collecting cases holding that a plaintiff waived claims by failing to address arguments raised in the defendant's motion to dismiss); *Allen v. Dollar Tree Stores, Inc.*, 475 Fed. App'x. 159, 159 (9th Cir. 2012) (affirming district court's dismissal of plaintiff's claims in which plaintiff's "opposition to the motion to dismiss failed to respond to [the defendant's] argument").

7

25cv1955-GPC(DEB)

(dismissing claims for equitable relief because the complaint does not even contain the phrase "inadequate remedy at law").

**D.      Leave to Amend**

Where a motion to dismiss is granted, leave to amend should be granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992) (quoting S*chreiber Distrib. Co. v. Serv Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto,* 957 F.2d at 658*; Schreiber,* 806 F.2d at 1401.  Here, Plaintiff seeks leave to amend to correct the deficiencies noted by Defendant.  Because Plaintiff can cure the deficiencies, the Court GRANTS Plaintiff leave to file an amended complaint.  *See De Soto*, 957 F.2d at 658.

**Conclusion**

Based on the reasoning above, the Court GRANTS Defendant's motion to dismiss with leave to amend.  Plaintiff shall file an amended complaint within 21 days of the filed date of this order.  The hearing on December 19, 2025 shall be **vacated.**

IT IS SO ORDERED.

Dated:  December 11, 2025

Hon. Gonzalo P. Curiel
United States District Judge